MARGARET CARPENTER, Respondent, *v.* NANCY WEL-
LER, as Administratrix, and ALFRED A. WELLER, as
Administrator, of JACOB MOORE, Deceased, Appel-
LANTS.

*Where relatives live as one family, claims for services not maintainable—husband
entitled to services of wife.*

The plaintiff and her husband lived for twenty-three years with, and in the
house of, the deceased, her brother, a farmer. She assisted in the ordinary
work of the house, and in milking the cows, and in the dairy; she and her
husband and children all living together in her brother's house as one family.
This action was brought by her, after her brother's death, to recover from his
admistrators the value of her services thus rendered during the previous six
years.

*Held,* that, as no promise or agreement of the brother to compensate her for
her services was shown, she could not recover.

*Held,* further, that, as she was a married woman, and her husband had not
released his right to her services, she could not maintain an action to recover
the value thereof.

APPEAL from a judgment in favor of the plaintiff, entered upon
the report of a referee.

The respondent presented to the appellants a claim against the
deceased, consisting of a note executed by the intestate in his life-
time to her, and the accrued interest thereon, on which note there
was unpaid, $455.68; also a claim for money received for respond-
ent by the intestate, on the sale of a house owned by her, and
interest thereon, $121; also for a school tax paid by respondent,
$7.55; and for six years' services as housekeeper for the intestate,
$900; amounting in the whole to $1,484.23.

The claim was rejected by the appellants, except as to $128.55,
being the second and third items.

The parties then, pursuant to the statute, referred the matter,
and the referee, after hearing the proofs, etc., reported in favor
of the plaintiff for the amount of the claim and the accrued interest,
not, however, allowing interest on the claim for services. The
report was confirmed at Special Term.

*George H. Decker*, for the appellants.

*A. C. and T. A. Niven*, for the respondent.

LEARNED, P. J.:

The plaintiff, now over sixty years old, and her husband lived for twenty-three years with the deceased, her brother, and a bachelor, in his house. Her children also lived there, and sometimes her grand-children. The deceased was a farmer. She did ordinary work in the house; she helped in the work of the farm by milking cows and aiding in the dairy; she and her husband and children, and at times other relatives, inmates of the house, all lived together as one family, according to her own statement. There was never, so far as appears, any promise or agreement of any kind made by the deceased to compensate her for her services. At last, the brother died, and then the plaintiff presented a claim that she should be paid for six years' services, any longer claim being, of course, barred by the statute.

The rule of law in such cases is the plain dictate of common sense. (2 Parson's Cont., 46; *Williams* v. *Hutchinson*, 3 Comst., 312.) When parties live together in such manner as the evidence in this case discloses, each is every day doing services for the other; each, too, is receiving every day from the others all the compensation which is expected. Such persons are not working for future pay; and they do not in fact expect it. No one for whom the services are rendered, expects that pay will ever be demanded. Very often the compensation which is received from day to day, in daily living, is far more than the services are worth. And the person rendering the services would consider it a great hardship not to be allowed to continue in the family. And often the claim for compensation springs up only after the death of the person on whose estate it is made. When, after twenty-three years of such living together as one family, a claim, never before heard of, is made, there is the strongest presumption against its validity. It must be sustained, if at all, by positive proof of an agreement to pay for the services, sufficient to overcome the presumption that the services were fully compensated every day by the benefits received. Mere performance of the services is not enough. It must be affirmatively shown that there was an agreement to pay for them.

In that respect the proof in this case totally fails. Furthermore, the circumstances show affirmatively that the plaintiff never

expected any payment, other than such as she was constantly receiving. These circumstances have been already, in part, briefly stated. There is the further circumstance that the plaintiff held a note against the deceased. We may suppose that if she had really had this large claim for services, she would have obtained some note or memorandum for that also. '

There is another objection. The plaintiff is a married woman; her husband was entitled to her services and her earnings. He had not relinquished his claim to them; nor was she carrying on a business for herself. She was doing the ordinary work done by women in similar circumstances in a household, of which household her husband was a part. (*Beau* v. *Kiah*, 4 Hun, 171.)

The judgment must be reversed, a new trial granted and the reference discharged, without costs of appeal to either party; unless the plaintiff in twenty days stipulates to deduct from the recovery $900. If she so stipulate, the judgment on the reduced amount is to be affirmed, without costs to either party.

Present — LEARNED, P. J., and BOARDMAN, J.

Ordered accordingly.